# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSE JAMES CHIDESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-10-0731-HE |
| | ) | |
| GREG PROVINCE, Warden, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Jesse James Chidester, a state prisoner appearing *pro se*, filed this case under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who recommended, *sua sponte*, that petitioner's first ground for relief be dismissed as being untimely, and that the claim in ground two, even if not time-barred, be denied as being without merit.[1] The petitioner has filed a timely objection to the Report and Recommendation.

Petitioner objects to the conclusion that his first ground for relief—that his trial counsel abandoned him after sentencing, preventing him from pursuing his appeal—was time barred. He argues that the magistrate judge erred by ruling on the timeliness determination *sua sponte* when the issue was not clear from the face of the petition and that he is entitled to equitable tolling because he did not have access to a law library.

---

[1]*As the magistrate judge noted, "Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition '[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief . . . .'" [Doc. # 6].*

Contrary to petitioner's arguments, it is clear from the face of the petition that petitioner's habeas action is untimely. Petitioner's conviction became final on January 24, 2008, and the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") 1-year limitations period ended on January 24, 2009, well before petitioner filed his § 2254 action in this court on July 2, 2010. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period is not subject to statutory tolling in the circumstances existing here. Petitioner's state petition for post-conviction relief was filed February 22, 2010,[2] over a year after the one year limitations period had run. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's habeas petition was not tolled because petitioner's 1-year limitation had already run before instigating state post-conviction proceedings). It is clear that petitioner's action was untimely and not entitled to statutory tolling.

Petitioner has not made out a basis for equitable tolling. He claims that because he was kept in a high-maximum security facility he did not have access to law library services. Objections [Doc. #9, p.2]. This conclusory argument is insufficient to demonstrate that extraordinary circumstances beyond petitioner's control prevented him from timely filing his federal habeas petition. *See* Mayes v. Province, 376 Fed. Appx. 815, 816-17 (10th Cir. 2010) ("[T]o invoke § 2244(d)(1)(B)'s tolling provision—to show that an 'impediment . . . created by State action in violation of the Constitution . . . prevented' the filing of a timely petition—an inmate must explain how the prison's alleged constitutional deficiencies

---

[2]*Petitioner admits he did not originally pursue an appeal from his conviction. [Doc. #1, p.2].*

hindered his efforts to pursue his claim within the prescribed statute of limitations.").

Petitioner also reiterates his same arguments with regards to his second ground for relief—that the application of the AEDPA is an unconstitutional, unreasonable suspension of the right to petition for a writ of habeas corpus. The magistrate judge rejected the claim, citing to authority in this circuit concluding that "[t]he AEDPA, including its limitations period, is constitutional." Ellis v. Martin, 202 F.3d 281, 1999 WL 1101241, at *3 (10th Cir. 1999). Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Petitioner objects to reliance on unpublished opinions, but provides no contrary authority. While unpublished opinions are not binding precedent, they may be used for their persuasive value. Tenth Cir. R. 32.1 (2011). Petitioner's second ground for relief must be denied on the merits.

The court concurs with the magistrate judge that petitioner did not file his habeas petition within the one-year statute of limitations set by the AEDPA and that he has not demonstrated a basis for tolling the limitations period. Additionally, the court concurs in the magistrate judge's rejection of petitioner's constitutional challenge to the AEDPA. Accordingly, the court **ADOPTS** Magistrate Judge Roberts' Report and Recommendation and **DENIES** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE

3